### GAINES & CO. v. SROUFE et al.

(Circuit Court, N. D. California. December 23, 1901.)

No. 12,960.

**1. TRADE-MARKS—SUIT FOR INFRINGEMENT—PLEADING.**

In a suit for an injunction to restrain infringement of a trade-mark, the facts which are essential to complainant's right to relief, such as the existence of the trade-mark, the fact of an imitation by defendant, either actual or colorable, without complainant's license or acquiescence, and the fact of registration, where that is essential, must be alleged positively, and not merely on information and belief; and, in general, all the facts which are necessarily within complainant's knowledge should be so alleged.

In Equity. Suit for infringement of trade-mark. On demurrer to bill.

Scrivner & Hopkins, for complainant.
J. M. Whitworth and Charles A. Shurtleff, for respondents.

MORROW, Circuit Judge. This is a suit in equity brought by the complainant, a Kentucky corporation, against the respondents, citizens of the state of California, for the alleged infringement of a trade-mark. The bill alleges, upon information and belief, that the business of distilling and selling whisky now operated by the complainant corporation was conducted in the year 1867 and thereafter by the firm or partnership of W. A. Gaines & Co., who acquired the business, property, trade-marks, good will, and distillery of the pre-

ceding firm of Gaines, Berry & Co.; that among the trade-marks originated and devised by the said firm of W. A. Gaines & Co., and used by them, was the certain trade-mark for whisky, known as and consisting of the arbitrary word "Hermitage," which was attached to the packages, barrels, and bottles containing the genuine Hermitage whisky distilled by the said firm of W. A. Gaines & Co., which said brand of whisky commanded and still commands a large and ready sale on the market in the United States and elsewhere; that in the year 1887 the complainant corporation was formed, and succeeded to and acquired the business of the aforesaid firm of W. A. Gaines & Co., and all its property, including the Hermitage trade-mark; that complainant has continued to manufacture the said Hermitage whisky at its distillery in the state of Kentucky, pursuing the same methods and exercising the same care as had theretofore been given to it by the predecessors of complainant, and has expended large sums of money in advertising said trade-mark, and the goods to which it is applied, throughout the world. It is further alleged, upon information and belief, that the said Hermitage trade-mark has been duly registered by the said firm of W. A. Gaines & Co. in the office of the United States commissioner of patents at Washington, and that said trade-mark is now of the value of $500,000 and upwards. The bill charges, also, upon information and belief, that the respondents, with the wicked and fraudulent intent of deceiving and misleading the purchasing public and consumers of whisky in the United States, and with the wrongful and inequitable intent of enjoying the benefits of the great reputation of complainant's said trade-mark, have for a long time, in the state of California, offered for sale, and caused to be packed and sold, and do now cause to be packed and sold, a cheap imitation and inferior grade of whisky, in barrels which are labeled with false and misleading labels, having printed thereon the title "Hermitage Whisky," in imitation of complainant's trade-mark, thereby inducing the purchasing public to believe that said imitation whisky is the genuine Hermitage whisky distilled by the complainant. Complainant prays for damages for the injury to the reputation of its goods and trade-mark, for an accounting of the income and profits derived by respondents from the said violation of complainant's rights, and for an injunction restraining respondents from the future use of said trade-mark. The respondents demur to the bill on the general ground of insufficiency, and the special grounds that (1) the allegations as to the registration of the trade-mark in controversy, and the continuous use of the same by the complainant and its predecessors, should be made positively, and not on information and belief; and (2) that the bill is so vague and uncertain in regard to the time when the said trade-mark was originated or first used by complainant or its predecessors, or since when it has been used continuously by them, or when it was registered, that no cause can be made out from it entitling complainant to the discovery or relief prayed for.

The allegations of the bill upon information and belief are insufficient. Whatever is essential to the rights of the complainant, and is necessarily within its knowledge, ought to be alleged positively. It is well settled that, to warrant the equitable relief of injunction in

restraint of the infringement of trade-marks, there must be shown—First, the existence of a trade-mark; secondly, the fact of an imitation, either actual or colorable; and, thirdly, the fact that such imitation is made without the license or acquiescence of the owner. And courts of equity, in granting relief by injunction in this class of cases, proceed upon the ground of fraud; that equity will not permit one, aside from any question of trade-mark, to palm off his goods as the goods of another, and so deceive the public and injure that other. Where the ground for relief by injunction is fraud, it is necessary that the fraud should be made to appear by positive averments, founded on complainant's own knowledge, or that of some person cognizant of the facts. It is a general rule that whatever is essential to the rights of the complainant, and is necessarily within his knowledge, ought to be alleged positively and with precision. The date of registration of the trade-mark in controversy is important, as, from the statements contained in the bill, the possibility exists that the trade-mark is not now under the protection of the statute. Without definite allegations that complainant's title to the trade-mark is still effective, and that it has been effective at all the times of the alleged infringements, the court could not safely grant the relief prayed for by complainant.

The demurrer upon the special grounds that the bill of complaint is lacking in positive allegations and for uncertainty will therefore be sustained.